JOHN H. BARR, p. b. appellant *vs.* JOHN LOGAN, d. b. respondent.

The Superior Court will not try on an appeal from a justice of the peace, a case not within his jurisdiction, though it be within the original jurisdiction of that court.

The transcript must show the jurisdiction. Other defects may be waived.

A justice of the peace has jurisdiction in an action against a purchaser of goods, for not accepting them; though it be to recover the loss at a re-sale.

Upon a sale of goods the seller may keep them until paid, unless the sale was on time.

The seller is bound to deliver them on payment or tender of the price.

If the goods be not delivered, the purchaser may either rescind the contract and recover back any deposit money; or he may affirm the contract and sue for damages.

If the purchaser does not call for goods bought, or refuses to pay for them, the seller may keep them and recover the difference between the contract and market price; or he may resell them and recover the difference.

NEW CASTLE, May term, 1848. This was an appeal from the judgment of a justice of the peace, in an action of assumpsit.

Barr was a grocer in Wilmington; made a sale at auction, for cash; the goods not to be taken away until paid for. Logan bought a lot of goods which he refused to pay for. Barr would not give them up unless paid for, and sold them again, on account of whom it might concern, at a loss of $93 37.

The house where the goods were kept was Logan's, and Barr was his tenant. The auctioneer was called and produced the list of sales kept in a book by the clerk. This was objected to; and the court permitted the witness to refer to the book to refresh his memory; but said, if the book was offered as evidence per se, the clerk who kept it ought to be called, to prove that it was fairly kept. He proved a re-sale of most of the articles bought by Logan at a reduced price. This is the custom of auctioneers when articles purchased are not called for.

*Mr. Bradford,* for defendant, moved a nonsuit.

*Bradford.*—The declaration is in assumpsit. The counts are for goods bargained and sold; goods sold and delivered; money had and received; money lent; on account stated; and four special counts for the non-acceptance of goods sold, stating a resale and claiming the difference as the damages.—1. There is no proof to sustain the common counts, and the matter of the special counts is not within the jurisdiction of a justice of the peace, nor of this court on appeal from the justice's court. The justice's jurisdiction is of causes of action arising from contracts express or implied, for the payment of money. This action is not on any such contract. It is for damages arising from the failure to comply with or execute

such a contract. 2. If the justice of the peace had no jurisdiction, this court cannot take jurisdiction by appeal; though it has original jurisdiction. And advantage may be taken of it under the general issue. (1 *East Rep.* 177.) 3. The plaintiff cannot recover on the count for goods bargained and sold, because by selling the goods over again, the plaintiff rescinded the contract; and he cannot recover on a contract not existing at the time of suit brought. (1 *C. L. Rep.* 344.) 4. There has been no proof of any damage. The measure of the damage is the difference between the sales of the goods. The amount of the first sale is in proof. But a part, and the least valuable part, of them was re-sold. What proof does this afford of damages? It may be that profit was made by a re-sale of the residue.

*Patterson.*—As to the last point. The portion of goods not resold at public auction is proved to have been of a perishable nature, and had to be disposed of sooner; and that the delay of resale was produced by the defendant. The goods resold brought less than before; putting the others at the same, which is most liberal for defendant, and the damages appear. 2. As to justification—assumpsit lies on a contract for the purchase of goods for not accepting them, and may be maintained though the plaintiff has resold the goods. The difference in price is the damages for breach of the contract. And this is within the justice's jurisdiction. (4 *B. & C.* 945; *Ros. Civ. Ev.* 207; 4 *Bing. Rep.* 722; *Chitty Cont.* 431; 5 *Johns. Rep.* 595; 19 *Law Lib.; Babing. on Auc'ts.* 139; 2 *Chitty Pl.* 267, 264, *n.;* 2 *Kent's Com.* 504; 1 *Chitty's Precedents* 164, 172. 3. The proceeding in this court, though on appeal, is by the act of assembly *de novo*, as if the case commenced here. Even if there were objection to the jurisdiction of a justice of the peace, there is none to this court.

*Bradford* replied.—Every action of assumpsit is not within the magistrate's jurisdiction. It must be conceded that this action rests if at all on the special counts for damages for non acceptance of the goods at the public sale, which were afterwards resold at a loss.

*Court.*—The justice of the peace must have had jurisdiction to give this court appellate jurisdiction. The transcript filed is a part of the case here only so far as to show how the case came into this court; that is, that it was a case within the jurisdiction below, and within the appellate jurisdiction of this court. If the jurisdiction

be shown, and there is any defect in the mode of bringing the suit up, as want of a certificate or seal to the record, this matter must be objected to at the earliest period, and before pleading over, or it will be considered as waived; but the party cannot waive objection to jurisdiction, or by consent give jurisdiction where there is none. This court must have jurisdiction on appeal, or it cannot try this cause, though it may have original jurisdiction of like causes of action. (4 *Harr. Rep.* 94, *Townsend* vs. *Stewart; Ibid* 96, *Jackson* vs. *Hedges.*)

The question is then, whether a justice of the peace has jurisdiction of this cause of action, which is assumpsit for not accepting goods sold. It is admitted that such a cause of action is within the jurisdiction; but it is argued that as the action here is not for the price of the goods, but for damages arising from a a re-sale of them, this is not within the jurisdiction. Some of the earlier cases favor this idea; that the re-sale rescinds the contract, and the action cannot be upon it; but it is now settled that the purchaser is not bound to keep the goods in order to maintain his action for not accepting them; but may re-sell them, and then the difference in price is the damage. This is especially so in case of a sale by auction, where the custom, as proved in this case, is to re-sell the goods on account of the purchaser. On a purchase at auction, therefore, there is a contract by the purchaser to accept and pay for the goods, or if he does not do so, to pay the difference on a re-sale; and this is a contract which is within the act of assembly giving jurisdiction to justices of the peace over causes of action arising from express or implied contract for the payment of money or delivery of goods, wares or merchandize.          Nonsuit refused.

The defendant then proved that he had demanded the goods of Barr, and offered payment. Barr refused and referred him to Naff. Logan told him if he would go down to the bank he would give him a check for the money.

The case was argued before the jury, on the facts; and the court charged on the law:—

BOOTH, *Chief Justice.*—After a contract has been made for the sale of goods, the vendor is entitled to retain the possession of them until the purchaser pays the price, unless it is agreed that a certain time shall be given for the payment. If it is part of the contract that a certain time shall be given for the payment, and that the goods shall then be delivered, the vendor is bound to be ready to

deliver the goods at that time when called on for that purpose by the purchaser; and must make an actual delivery, upon the purchaser tendering or paying the price.

If at the time appointed for the payment and delivery, the purchaser demands the goods, and the vendor has them not ready for delivery, or refuses or neglects to deliver them, the purchaser may rescind the contract and recover back any deposit he may have previously made; or he may affirm the contract and bring an action against the vendor for the damages which may have been sustained by the purchaser.

On the other hand, if the vendor is ready to deliver the goods at the time and place appointed, and the purchaser neglects or refuses to call for them, or neglects or refuses to take them, or to tender or pay the price, the vendor may bring an action against the purchaser for a violation of his contract. In such case the vendor may retain the goods, and recover as damages the difference between the contract price and the market price of the goods on the day the contract was broken. Or the vendor may re-sell the whole of the goods; in which case the difference between the contract price and the price of the second sale, is the fair measure of damages. If he sells but part of the goods, and retains the residue, he can only recover the difference between the contract price of such part of the goods as are sold, and the price which they brought at the second sale.

The plaintiff had a verdict.

*Patterson,* for plaintiff.
*Bradford,* for defendant.